MURDOCK, Judge,
concurring specially.
While the trial court’s written judgment indicates that it considered several factors in assessing the employee’s physical impairment at 80%, among the court’s subsidiary findings was that the employee “had not worked since February 20, 2000, due to pain in her neck and shoulder.” The record contains no evidence, however, indicating that the employee was unable to continue working at Wal-Mart after February 20, 2000. To the contrary, the employee testified that she continued to work approximately 30 hours per week as of the time of trial. The trial court’s finding with *1260 regard to the employee’s inability to continue her work at Wal-Mart because of her injury was in error. It is my opinion after carefully reviewing the evidence, including the employee’s testimony, and the trial court’s judgment, that the conclusion that the employee suffered from an 80% physical impairment was based, in part, on the erroneous finding that the employee could no longer work.
I agree with the main opinion that there is not substantial evidence supporting the trial court’s finding of an 80% impairment and that, therefore, the judgment of the trial court must be reversed and the cause remanded for reconsideration of the extent of the employee’s loss of earning capacity.